(C.D. 2161)

CLARENCE S. HOLMES, a/c BEST PRODUCTS MFG. Co. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 1, 1960)

*Stephens, Jones, La Fever & Smith* (*Eugene W. Bell* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff* and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

MOLLISON, Judge: The plaintiff in the above-enumerated protest imported into the United States from Canada certain wood described on the invoice as "Glued Maple S2S" on which duty was assessed at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, Tariff Act of 1930, as modified by T.D. 52373, for "Manufactures of wood * * * not specially provided for."

The protest claim is for free entry under the provision in paragraph 1803 of the said act for "Wood: (1) * * * sawed lumber * * * not further manufactured than planed, and tongued and grooved * * *," with consequent imposition of tax or duty at the rate of $1.50 per thousand feet, board measure, under the provisions of section 3424(a) of the Internal Revenue Code of 1939, which was in force and effect at the time of the involved importation.

The merchandise consists of pieces of wood, all 1 inch thick, ranging in length from 11½ inches to 35 inches, and in width from 7½ inches to 29 inches. The uncontradicted testimony given by the owner of the furniture manufacturing company which was the ultimate consignee of the merchandise is to the effect that all of the pieces of wood which measured 9 inches in width or less were actually not so-called "glued" lumber, but consisted of solid, 1-piece boards of maple of the dimensions given in the invoice.

According to the testimony of the witness, the remainder of the merchandise involved consisted of so-called "rough plates," i.e., pieces

of wood of widths, as stated on the invoice, from 14 inches to 29 inches, made by gluing together under high pressure, on their lengthwise edges, two or more pieces of maple lumber or boards.

All of the wood was planed before, but not after, gluing, and, after importation, was used in the manufacture of furniture parts by subjecting it to operations of surfacing, cutting, trimming, etc. It seems clear that none of the merchandise was, in the condition in which it was imported, dedicated to the manufacture of any specific article, nor was it even partly finished for that purpose, but was available as wood material for use in any application permitted by its dimensions.

Plaintiff contends that the facts in this case bring it squarely within the holding of this court in the case of *B. A. McKenzie & Co., Inc.* v. *United States*, 39 Cust. Ct. 52, C.D. 1903, in which it was held that certain so-called "2-piece stock," i.e., pieces of wood made by joining two narrow pieces of wood on a lengthwise edge by a glued dovetail joint, was not properly classifiable as a manufacture of wood but was entitled to free entry under the provisions in paragraph 1803, *supra*, under which plaintiff here claims.

In the brief filed in its behalf, counsel for the defendant points out that the 2-piece stock in the *McKenzie* case was, except for the fact that it was composed of two pieces, of the same *per se* character as 1-piece stock of the same sizes which were admittedly properly classified under the provisions of paragraph 1803, *supra*. The evidence in the case at bar shows that the glued maple (in width sizes in excess of 9 inches) had been so glued to obtain widths not obtainable in nature or in 1-piece stock.

We think the observation made by counsel for the defendant correctly distinguishes the situation in the case at bar from that which obtained in the *McKenzie* case, *supra*. The significant fact in that case, on which the holding was predicated, was that the 2-piece material was no different in essential character and use from the 1-piece material, which was classifiable as sawed lumber, not further manufactured than planed, and tongued, and grooved. There is nothing in the record in the case at bar that tends to establish the same or similar facts with respect to the rough plates of maple at bar. On the contrary, it appears maple lumber is not produced by processes of sawing, planing, tonguing, and/or grooving in widths in excess of 9 inches, so that it follows that the merchandise at bar is not within the condition of lumber which is accorded free entry under paragraph 1803, *supra*.

On the other hand, we are of the opinion that the processes to which the maple plates at bar had been subjected prior to importation did not alter their status from that of a wood material to that of a manufacture of wood. We think the situation is very like that which obtained in the case of *C. S. Emery & Company* v. *United States*, 41 Cust. Ct. 7, C.D. 2013, involving knotty pine paneling, which had been processed or

manufactured beyond the condition of being planed, tongued, and/or grooved by reason of having been sanded. In that case, we drew attention to the well-established tariff distinction made between manufactures of a material and the material manufactured and there said:

The merchandise at bar is lumber or wood which had been manufactured beyond the condition of being only planed, tongued, and grooved, which would have left it within the purview of paragraph 401, *supra* [1803 in this case]. The additional process of manufacture, sanding [edge-gluing in this case], however, did not convert it into a manufacture of lumber or wood, but merely left it lumber or wood, manufactured. There being no more specific provision for such material, it takes classification and duty under the catchall provision in paragraph 1558, *supra*, for nonenumerated manufactured articles. [Matter in brackets added.]

A like disposition should be made in the case at bar, and the claim for duty under the nonenumerated manufactured articles provision having been made in the protest, it is sustained.

Judgment will, therefore, issue sustaining the protest claim for free entry under paragraph 1803, Tariff Act of 1930, with assessment of tax or duty at the rate of $1.50 per thousand feet, board measure, under section 3424(a) of the Internal Revenue Code of 1939, as to the merchandise imported in widths of 9 inches or less, and sustaining the protest claim for duty at the rate of 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified by T.D.'s 52739 and 52827, as to the merchandise imported in widths in excess of 9 inches.