(C.D. 2791)

ARTHUR J. HUMPHREYS *v.* UNITED STATES

United States Customs Court, First Division

(Decided October 18, 1966)

*Lawrence & Tuttle* for the plantiff.
*J. William Doolittle,* Acting Assistant Attorney General, for the defendant.
Before OLIVER, NICHOLS, and WATSON, Judges

NICHOLS, Judge: The merchandise involved in these cases consists of 2-piece cedar shorts in excess of 24 inches in width. It was assessed

with duty at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T.D. 52373, and T.D. 52476, as manufactures of wood, not specially provided for. It is claimed, among other things, that the merchandise is properly dutiable at 10 per centum ad valorem under paragraph 1558 of said tariff act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739 and T.D. 52827, as nonenumerated manufactured articles.

Counsel for the respective parties have submitted these cases on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "B" and initialed (E.H.M.) (Examiner's Initials) by Examiner E. H. Monroe (Examiner's Name) on the invoices covered by the protests enumerated on the attached Schedule "A" and assessed with duty at 16⅔% under paragraph 412 consists of 2-piece cedar shorts in excess of 24″ in width.

IT IS FURTHER STIPULATED AND AGREED that under the principles of *Clarence S. Holmes et al.* v. *United States*, C.D. 2161, 44 Cust. Ct. 111, edge glued maple wood in excess of lumber widths of 9″ was held dutiable at 10% under Paragraph 1558.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2161 be incorporated in the record in the above enumerated protests and that said protests be submitted on this stipulation.

In *Clarence S. Holmes, etc.* v. *United States*, cited in the stipulation, the merchandise held dutiable under paragraph 1558, as modified, consisted of pieces of wood 1 inch thick, ranging in length from 11½ to 35 inches, and in width from 14 to 29 inches, made by gluing together two or more pieces of lumber or boards. *P. W. Drittler* v. *United States*, 52 Cust. Ct. 227, Abstract 68213, involved lumber 8 feet long, 24 inches wide, and ⅝ of an inch thick, made by gluing together 10 strips of maximum width of 2½ inches. Said merchandise was also held dutiable under paragraph 1558, as modified.

The merchandise involved herein, according to the stipulation and the invoice descriptions, consists of cedar shorts, 2-piece glued stock, ¾ of an inch thick, in varying lengths and in widths in excess of 24 inches. In view of the stipulation and on the authority of the decisions cited, we hold that the merchandise represented by the items marked with the letter "B" and with the initials of the examiner on the invoices covered by the protests, enumerated on the attached schedule "A," is properly dutiable at 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified, as nonenumerated manufactured articles.

To that extent the protests are sustained. As to all other merchandise and in all other respects, they are overruled. Judgment will be rendered accordingly.