BEFORE THE FIRST DIVISION, OCTOBER 18, 1966

**No. P66/273.**—Arthur J. Humphreys *v.* United States, protests 65/16130, etc. (Seattle).

NICHOLS, J. In accordance with stipulation of counsel that the items of merchandise marked "A" covered by the foregoing protests consist of cedar shorts similar in all material respects to those the subject of *Border Brokerage Co. et al.* v. *United States* (52 Cust. Ct. 204, C.D. 2461) ; that the items of merchandise marked "B" covered by the foregoing protests consist of 2-piece cedar shorts in excess of 24 inches in width; and that under the principles of *Clarence S. Holmes et al.* v. *United States* (44 Cust. Ct. 111, C.D. 2161), edge glued maple wood in excess of lumber widths of 9 inches was held dutiable at 10 percent under paragraph 1558, the claims of the plaintiff were sustained. *P. W. Drittler* v. *United States* (52 Cust. Ct. 227, Abstract 68213) and *Arthur J. Humphreys* v. *United States* (57 Cust. Ct. 293, C.D. 2791, followed.

BEFORE THE SECOND DIVISION, OCTOBER 19, 1966

**No. P66/274.**—The Buhler Corp. et al. *v.* United States, protests 65/17876, etc. (New York).

RAO, C.J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of parts of food preparing machines, which are dedicated to use therewith, similar in all material respects to those the subject of *Standard Milling Co.* v. *United States* (50 Cust. Ct. 53, C.D. 2388), the claim of the plaintiffs was sustained.

**No. P66/275.**—Winter, Wolff & Co., Inc., et al. *v.* United States, protests 60/23602, etc. (Los Angeles).

FORD, J. In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of hinge-hanger bolts, carriage bolts, etc., similar in all material respects to those the subject of *Winter, Wolff & Co., Inc.* v. *United States* (54 Cust. Ct. 173, C.D. 2528), the claim of the plaintiffs was sustained.